1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  TROY B. OVERTON (SBN 171263)
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
5    Telephone: (415) 703-5516
     Fax: (415) 703-5480
6  Email: troy.overton@doj.ca.gov

7  Attorneys for Defendant IRWIN JOSEPH

8
                 IN THE UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN JOSE DIVISION
11

12
   CLIVE FRANK BOUSTRED, et al.              Case No. C 08-00546 PVT
13
                              Plaintiffs,    IRWIN JOSEPH'S NOTICE OF MOTION
14                                           AND MOTION TO DISMISS WITH
              v.                             MEMORANDUM OF POINTS AND
15                                           AUTHORITIES IN SUPPORT THEREOF
   GOVERNMENT AND COUNTY OF                  [FRCP 12(b)(5)]
16 SANTA CRUZ, et al.,
                                             Date: April 1, 2008
17                            Defendants.    Time: 10:00 a.m.
                                             Place: Federal Building
18                                                  280 South First Street
                                                    San Jose, California
19                                           Dept: 5, Fourth Floor
                                             Magistrate Judge Patricia V. Trumbull
20

21 TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

22      PLEASE TAKE NOTICE that on April 1, 2008 at 10:00 a. m. in Courtroom 5 of the

23 above-entitled court, located at 280 South First Street, Fourth Floor, San Jose, California,

24 Defendant Irwin Joseph (hereinafter "Commissioner Joseph") will and hereby does move this

25 Court to dismiss all claims for relief against him pursuant to Rule 12(b)(5) of the Federal Rules

26 of Civil Procedure. This motion is made on the grounds that there was insufficient service of

27 process and thus, all of the claims for relief in plaintiffs' operable complaint should be dismissed

28 as to Commissioner Joseph.

1

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's                [FRCP 12(b)(5)]
Boustred v. Government and County of Santa Cruz                                   Case No. C 08-00546 PVT

1  This motion is and shall be based upon this notice of motion and motion, the
2  accompanying memorandum of points and authorities, the Declaration of Troy B. Overton, all
3  pleadings and papers on file in the matter herein, and upon such matters as may be presented to
4  the Court at the time of hearing.
5  Dated: February 14, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

PAUL T. HAMMERNESS
Supervising Deputy Attorney General


s/s Troy B. Overton
TROY B. OVERTON
Deputy Attorney General

Attorneys for Defendant IRWIN JOSEPH

2

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's   [FRCP 12(b)(5)]
Boustred v. Government and County of Santa Cruz   Case No. C 08-00546 PVT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On January 25, 2008, Commissioner Joseph was handed a number of documents and an envelope with a computer CD. While the computer CD and the documents indicated that they may pertain to a federal court case with the above-caption, a complaint was never served on Commissioner Joseph. Thus, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, plaintiffs' claims for relief against Commissioner Joseph, if any, should be dismissed.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 9:00 a.m. on or about January 25, 2008, an individual handed Commissioner Joseph an envelope at the Santa Cruz County courthouse (Declaration of Overton, 1:27 to 2:1). This individual handed Commissioner Joseph an envelope which contained the following items:

a. Standing Order Regarding Case Management in Civil Cases for the United States District Court, Northern District of California, San Jose Division which appears to have been file stamped June 11, 2002 (3 pages);

b. Order Setting Initial Case Management Conference and ADR Deadlines filed January 24, 2008 noticing a case management conference for May 13, 2008 in the case of *Boustred, et al. v. Government and County of Santa Cruz, et al.*, USDC, Northern District of California, Case No. C 08-00546 PVT (1 page);

c. Blank forms which include Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Court Judge, Consent to Proceed Before a United States Magistrate Judge; ADR Certification by Parties and Counsel, Stipulation and [Proposed] Order Selecting ADR Process, and Notice of Need for ADR Phone Conference;

d. Copies of General Order No. 40 ("Prohibition of Bias"), General Order No. 53 ("Privacy");

e. Copy of Instructions for Completion of ADR Process regarding Selection of an

3

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's        [FRCP 12(b)(5)]
*Boustred v. Government and County of Santa Cruz*                                    Case No. C 08-00546 PVT

1  ADR Process (ADR Local Rule 3-5);

2      f. Standing Order for All Judges of the Northern District of California, Contents

3  of Joint Case Management Statement (2 pages);

4      g. Standing Order for Civil Practice in Cases Assigned for All Purposes to

5  Magistrate Judge Patricia V. Trumbull (5 pages);

6      h. Summons in a Civil Action, *Boustred, et al. v. Government and County of*

7  *Santa Cruz, et al.*, USDC, Northern District of California, Case No. C 08-00546 PVT dated

8  January 24, 2008 with "Irwin Joseph" in the "TO:" block (1 page);

9      i. A two page document with the caption of the case of *Boustred, et al. v.*

10  *Government and County of Santa Cruz, et al.*, USDC, Northern District of California, Case No.

11  C 08-00546 PVT on one side and on the back side of the document is additional language

12  indicating an "INDEX TO THE CD: which indicates that the CD contains a complaint and

13  "evidence proving claim";

14      j. A computer CD with handwritten notation on it indicating "U.S. District Court

15  San Jose, #C0800546, Boustred v. Santa Cruz, Jan 24, 2008;"

16      k. A computer CD with printing on it indicating "The DOT.BOMB

17  CONSPIRACY, Chapter 1, Liberty for Life Association;" and

18      l. A picture postcard entitled "Merry Christmas" with an indication that it was

19  produced by the Liberty for Life Association..

20  (Declaration of Overton, 2:3 to 3:7).

21      To date, neither Commissioner Joseph nor anyone else has placed the above-described

22  computer CD with the handwritten notation in his or her computer and attempted to open it for

23  fear that it may contain a virus or be corrupted to some degree (Declaration of Overton, 3:8-10).

24  Thus, the electronic contents of the computer CD served with the above-described documents are

25  unknown (Declaration of Overton, 3:10-11).

26  ///

27  ///

28

4

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's     [FRCP 12(b)(5)]
*Boustred v. Government and County of Santa Cruz*     Case No. C 08-00546 PVT

## III.

### WHEN SERVICE OF A SUMMONS AND COMPLAINT IS INSUFFICIENT, THE ACTION IS SUBJECT TO DISMISSAL

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits defendants to challenge sufficiency of service. If a Rule 12(b)(5) motion is granted, the court may either dismiss the action or quash the service (*Montalbano v. Eastco Hand Tools, Inc.* (2nd Cir. 1985) 766 F.2d 737, 740).

## IV.

### SINCE PLAINTIFFS FAILED TO SERVE COMMISSIONER JOSEPH WITH THE OPERATIVE COMPLAINT, THEIR CLAIMS FOR RELIEF AGAINST HIM SHOULD BE DISMISSED

Rule 4(c)(1) of the Federal Rules of Civil Procedure delineates the specific requirement that a copy of the complaint must be served together with the summons. Strict compliance is required with the rules governing manner of service. A liberal construction of Rule 4 "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." (*Mid-Continent Wood Products, Inc. v. Harris* (7th Cir. 1991) 936 F.2d 297, 301). Regardless of the method of service employed, summons and complaint must be served together. (Rule 4(c)(1); *West Coast Theater Corp. v. City of Portland* (9th Cir. 1990) 897 F.2d 1519, 1521). Service of summons without a copy of the complaint is insufficient to secure jurisdiction over a defendant. (See *Moore v. City of Lehigh* (ED OK 1939) 29 F. SD Supp. 39, 40; *Utility Mfg. Co. v. Elgin Laboratories* (SD NY 1939) 1 FRD 165, 167)).

In the case at bar, plaintiffs did not serve a copy of the operative complaint on Commissioner Joseph. Further, it should be noted that while Rule 5(b) of the Federal Rules of Civil Procedure does allow for delivery of documents by electronic means in certain circumstances, Rule 5(a) specifically excludes the original complaint from being served electronically. Thus, even if an electronic version of the operative complaint is contained on the computer CD that was handed to Commissioner Joseph, this is not effective service of a complaint.

5

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's   [FRCP 12(b)(5)]
*Boustred v. Government and County of Santa Cruz*   Case No. C 08-00546 PVT

When service of process is properly challenged, the party on whose behalf service was made (plaintiff) has the burden to establish its validity. *(Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.* 635 F.2d 434, 435 (5th Cir. 1981); *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985)). While a process server's return of service is generally accepted as prima facie evidence of how service was effected "which can only be overcome by strong and convincing evidence" *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993), here, even if a return of service is filed as to Commissioner Joseph, it would not establish that the summons and complaint were properly served in accordance with Rules 4(c)(1) & 5(a) of the Federal Rules of Civil Procedure.

From the above, it is clear that any claimed service of process on Commissioner Joseph is insufficient and plaintiffs' claims for relief against him, if any, should be dismissed.

V.

**CONCLUSION**

For the aforementioned reasons, Defendant Irwin Joseph respectfully requests this Court grant his motion to dismiss any and all of plaintiffs' claims for relief against the him.

Dated: February 14, 2008.

        Respectfully submitted,

        EDMUND G. BROWN JR.
        Attorney General of the State of California

        PAUL T. HAMMERNESS
        Supervising Deputy Attorney General


        _____s/s Troy B. Overton_____
        TROY B. OVERTON
        Deputy Attorney General
        Attorneys for Defendant IRWIN JOSEPH

6

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's     [FRCP 12(b)(5)]
*Boustred v. Government and County of Santa Cruz*     Case No. C 08-00546 PVT

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **BOUSTRED, CLIVE FRANK et al. v. COUNTY OF SANTA CRUZ, et a**

No.:   C08-00546-PVT

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On February 14, 2008, I served the attached **IRWIN JOSEPH'S NOTICE OF MOTION AND MOTION TO DISMISS WITH MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FRCP 12(b)(5)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Clive Frank Boustred
210 Suncrest Drive
Soquel, CA 95073
*Plaintiff in Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 14, 2008, at San Francisco, California.

| Rosalinda F. Asuncion | *[signature]* |
|---|---|
| Declarant | Signature |

40217906.wpd