1   Plaintiffs, USDC: C08 00546 Trial By Jury
2   Clive Boustred
3   Petitioner, In Propria Persona Sui Juris
4   210 Suncrest Dr,
5   Soquel, CA 95073
6   Tel: (831) 476-4300
7   clive@libertyforlife.com
8

FILED

2008 MAR 31  P 3: 38

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

# IN UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Clive Frank Boustred, <br><br> RCB (minor son of Clive Frank Boustred), <br><br> WFB (minor son of Clive Frank Boustred), <br><br> InfoTelesys, Inc. Nevada and Nevis <br><br> Get IT Real, Inc. Nevada and Nevis <br><br> Life Yacht, CopperCards, Santa Cruz Cats, Le Essence, Kite Yachts. <br><br> PLAINTIFFS, <br><br> v. <br><br> Government and County of Santa Cruz, Government and State of California, Government of the United States of America, Agents of the New World Order. (Individual DEFENDANTS such as Irwin Joseph are listed in the complaint), John Does 1 to n. <br><br> DEFENDANT(S). | CASE # 08 00546  Trial By Jury <br><br> DECLARATION OF CLIVE BOUSTRED IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT BY CLERK PER F.R.C.P RULE 55(a) and DEFAULT JUDGEMENT UNDER F.R.C.P. RULE 55 (b)(1) |

9
10

11          I, Clive Frank Boustred, declare as follows:

12

---

**DECLARATION IN SUPPORT OF ENTRY OF DEFAULT    P1**

1      1.    I am over the age of 18 years and a resident of Santa Cruz County.  I

2   have knowledge pertaining to the instant action and, if called upon to be a witness, I

3   could and would competently testify thereto.

4      2.    The instant suit was filed January 24, 2008 and was personally served by

5   hand delivery on January 25, 2008 upon Anamaria Tichatschke (Formerly Anamaria

6   Boustred).    Proof of said service, PROOF OF SERVICE SUPPLEMENT FOR

7   SUMMARY JUDGMENT PURSUANT TO TITLE 28 (b)(1), and AFFIDAVIT FOR

8   DEFAULT JUDGMENT having been filed with the court on March 12, 2008.

9      3. DECLARATION OF CLIVE BOUSTRED IN SUPPORT OF REQUST FOR

10   DEFAULT ENTRY AND ENTRY OF DEFAULT; REQUEST FOR ENTRY OF

11   DEFAULT BY CLERK PER F.R.C.P RULE 55(a) and DEFAULT JUDGEMENT

12   UNDER F.R.C.P. RULE 55 (b)(1); ENTRY OF DEFAULT UNDER F.R.C.P. RULE 55

13   (a) and DEFAULT JUDGEMENT UNDER F.R.C.P. RULE 55 (b)(1), was served on

14   Defendant Anamaria Tichatschke on March 17, 2008, however, Plaintiffs mistakenly

15   placed the wrong case number on the proof of service.  Plaintiffs are refilling said

16   documents and proof of service.  This same request and declaration has again been

17   served on Anamaria Tichatschke on March 31, 2008.

18      Defendant Anamaria Tichatschke (formerly Anamaria Boustred) is not an

19   infant or incompetent person and has been properly served, proof of service having

20   been filed with the court, and said Defendant has failed to appear or make any plea,

21   default of the Defendant has been entered for failure to appear in the action; that the

22   injunctions sought and amount shown is justly due and owing and that no part

1    thereof has been paid; and that the defendant is not in the military service of the

2    United States and resides at 33250 Fairway Ave, Soquel, CA 95073.

3        WHEREFORE, Plaintiffs prayed for the following relief and is therefore

4    entitled to said relief as related to Defendant Anamaria Tichatschke:

5        1.  Sole Custody of Richard Clive Boustred and William Frank Boustred is

6            awarded to their father Clive Frank Boustred.

7        2.  That Anamaria Boustred is ordered removed from the title to Clive

8            Boustred's property at 210 Suncrest Dr. Soquel, CA 95073 and title to

9            said property is vested entirely in Clive Boustred's name.

10       3.  The portion of financial relief being sought from Defendant Anamaria

11           Tichatschke, well in excess of ten million dollars is to be finally

12           adjudicated through the trial process.

13

14   ## The Record RE: 1.: Custody of RCB & WFB

15       See the Eighth Claim For Relief: Aggravated Kidnap / Kidnap / Parental

16   Alienation and extensive Authorities therein.  See also Forty-third Claim for Relief:

17   Malicious Prosecution.  See also U.S. District Court Case C005 00996 for which

18   Defendant Anamaria Tichatschke (Formerly Anamaria Boustred) also failed to make

19   any appearance or plea despite being formally and properly served in that case (on

20   multiple occasions over a period of years).  Clearly Defendant Anamaria Tichatschke

21   does not respect the United States District Courts or she refuses to answer and

1    thereby acknowledges liability for what amounts to clear and blatant violations at law

2    by herself.

3          Clive Boustred is the lawful custodial parent of RCB and WFB.  See above

4    referenced Claims and as illustrated by the Stipulated Custody Agreement and

5    Orders referenced therein and included in this suit's Exhibits and show below:

6          Original Custody Order Issued After Anamaria Tichatschke's first false CPS

7    & 911 calls on February 2 and 9, 2002 (EXHIBITS\Exhibit C - Case Files\Exhibit C-

8    2\order_custody1):

FAMILY COURT SERVICES
SUPERIOR COURT OF SANTA CRUZ
701 OCEAN STREET, ROOM 110
SANTA CRUZ, CA 95060-4097
(831) 454-2380

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CRUZ

In re the Marriage/Matter of: ) Case No. FL15
)
Petitioner:    Clive Boustred )
) **Recommendation re**
& ) Custody and Visitation
)
Respondent:    Anamaria Boustred )
)
_____ )

Children:    Richard         AGE:  6
   ·         William              2

These parents came in for a Screening Mediation. This investigator is making the following recommendations regarding custody and visitation:

1.    Present Orders: This shall be a temporary, modifiable order.

2.    Custody Investigation: The parents shall participate in a Level II Investigation.

3.    Legal custody: The parents shall share joint legal custody.

4.    Parenting Plan: The children shall share time with their parents according to the following schedule:

   a.    Mother shall be responsible for the children during the day of the weekdays (M-F). She shall pick up the children at 9 am in the morning and drop them off at 4 PM in the afternoon. The children shall spend all day with that respective parent on the weekend.

   b.    Father shall be responsible for the children for two days from 4 PM until 4 PM, and Mother for two days from 4 PM until 4 PM.

Clive Boustred v. Anamaria Boustred          FL15? / Page 1                    July 12, 2002

1      c.    Any additional time which either parent requests, although not guaranteed, may be

2             arranged with at least 24 hours prior mutual agreement between the parents.

3  5.   Exchanges: The exchanges shall be done at the Twin Lakes Church office.

4  6.   Right of First Refusal: The parent who is not scheduled to be with the child has first right

5      of refusal to care for the child if the other parent is unable to directly care for the child for

6      4 hours or more.

7  7.   Address and Telephone: Parents shall keep one another informed of a current mailing

8      address and contact telephone number and shall give at least 5 days prior written notice

9      for any change of mailing address or contact telephone number. The information shall be

10     used for the purposes of allowing parents to communicate with each other regarding the

11     child and to allow the child to communicate with the parents.

12  8.   Phone Calls: Parents shall have the right to call the child so long as the telephone calls are

13     at reasonable times and with reasonable frequency. The child shall have the right to call

14     both parents at their discretion.

15  9.   Derogatory Remarks: Parents shall not make nor permit others to make derogatory remarks

16     regarding the other parent or the other parent's friends and loved ones to the child nor

17     within the hearing range of the child.

18  10.  Fighting: Parents shall not argue with, threaten, or insult one another nor allow others to

19     argue with, threaten, or insult the other parent in the child's presence.

20  11.  Overnights away from Home: Parents shall notify the other parent in advance if the

21     overnight care of the child will be at a location other than that parent's residence. Parents

22     shall provide an itinerary including address & phone number where the child can be

23     reached during the trip.

24  12.  Travel Safety: The child shall always be in appropriate and legal car seats, child restraints,

25     and seatbelts while being transported. Neither parent shall transport nor allow anyone else

26     to transport the child in a vehicle that is not registered and insured. All drivers shall be

27     licensed.

28  13.  Change of Residence: Neither parent shall remove the child's residence from Santa Cruz

Clive Boustred v. Anamaria Boustred       FL157 / Page 2              July 12, 2002

1    County without prior written consent of the other parent or by order of the Court.

2    14.   Passports: All the passports shall be surrendered to Mark Spurlock of Twin Lakes Church

3          to hold for the time being.

4    15.   Firearms: All firearms shall be removed from the house for 6 months.

5    16.   Counseling: Both parents shall attend individual counseling.

6    17.   CPS: Parents shall comply with all orders from CPS.

7    18.   Boyfriend: The children shall have no contact with Steffan Tichatske.

8    19.   Discussion of Court Matters: Neither parent shall discuss, nor allow anyone else to discuss

9          any Court matters regarding custody, visitation, or support, in the presence of the child.

10   20.   Co-Parenting Class: Both parents shall take the Co-Parenting Class before the investigation.

11   21.   Modifications: Parents shall make additions and alterations to custody and visitation orders

12         only by reaching a written, mutual agreement, signed by both parents.

13

14   Respectfully submitted,

15   _A. Sarris_____          _7-12-02_

16   Ariana Sarris, LMFT                    Date
     Family Law Investigator

17

18   Be it so ordered.

19

20   Dated: _7-12-02_                      _____

21                                         Judge of the Superior Court

22                                         ROBERT B. ATACK

23

24

25

26

27

28

Clive Boustred v. Anamaria Boustred        FL15? / Page 3                    July 12, 2002

1

2    Stipulated Custody Order and Agreement issued August 13, 2002 showing RCB & WFB

3    lawfully live with their father, Plaintiff Clive Boustred, who is the custodial parent

4    pursuant to Stipulation (EXHIBITS\Exhibit    C   -   Case   Files\Exhibit   C-

5    2\order_custody_stip):

---

**DECLARATION IN SUPPORT OF ENTRY OF DEFAULT    P7**

*client copy*

1  FAMILY COURT SERVICES
   SUPERIOR COURT OF CALIFORNIA,
2  COUNTY OF SANTA CRUZ
   701 OCEAN STREET, ROOM 110
3  SANTA CRUZ, CA 95060-4097
   (831) 454-2380
4

5

6

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA,

8                      COUNTY OF SANTA CRUZ

9

10

11  In re Marriage/Matter of:              )  Case No:  FL 16028
                                           )
12  Clive Boustred,                        )  **Stipulation** re Temporary Custody
                                           )  and Visitation and Order Thereon
13          Petitioner,                    )
                                           )
14      vs.                                )  Hearing: 9/4/02
                                           )
15  Anamaria Boustred,                     )
                                           )
16          Respondent                     )

17  _____

18  Children:  Richard (3/7/96) age 6.5
19             William (1/21/00) age 2.5.

20      We, Clive Boustred, petitioner, and Anamaria Boustred, respondent, hereby stipulate to the

21  following temporary order regarding custody and visitation:

22  That:

23

24  1.  All previous orders not changed or amended by this order shall remain in full force and

25      effect.

26

27  2.  The parents shall share joint legal custody of their children.

28

29  **Clive Boustred v Anamaria Boustred,**          **FL 16028**          **Page 1**

    **8/13/2002**

1

3. The children shall share time with their parents according to the following schedule:

    A. Mother shall be responsible for the children Monday through Friday from 9:00 AM until 6:00 PM. If no school then return time is 3:00 PM.

    B. The parents shall alternate Saturday and Sunday each weekend, one parent shall be responsible from Friday evening until Saturday evening and the other parent from Saturday evening until Sunday evening.

    C. Father shall be responsible for the children all other unspecified time.

4. Modifications to this schedule may be made by mutual written agreement of the parents.

5. Neither parent shall expose the children to romantic relationships for six months from the signing of this agreement.

6. Both parents agree to review this stipulation in May, 2003.


_____      8/13/2002
Clive Boustred                        Date
Petitioner


_____      8/13/02
Anamaria Boustred                  Date
Respondent


Clive Boustred v Anamaria Boustred,     FL 16028         Page 2

8/13/2002

IT IS SO ORDERED:

_____          _____
JUDGE OF THE SUPERIOR COURT                Date  August 13, 2002


Prepared by:
Melissa Berrengé, Ph.D.
Family Law Mediator/Investigator

Clive Boustred v Anamaria Boustred,          FL 16028          Page 3

8/13/2002

1      Custody having been unlawfully been taken from Clive Boustred following the

2   Santa Cruz Sheriffs attempted to murder Clive Boustred in front of RCB and WFB on

3   March 10, 2003 following the repeated false 9/11 calls made by Anamaria

4   Tichatschke (See Claim Eight, while evidence confirming said attempted murder of

5   Clive Boustred by Santa Cruz Sheriffs and the false 9/11 calls made by Anamaria

6   Tichatschke can be found in multiple Exhibits filed with this case, including

7   transcripts where said sheriffs admit to shooting at Clive Boustred without any legal

8   or legitimate cause EXHIBITS\Exhibit C - Case Files\Exhibit C-1\TRANSCRIPT see

9   also Opening Briefs included in the Exhibits which summarize said events and

10   admissions).

11      Custody having been unlawfully taken from Clive Boustred by a void and

12   patently unlawful CLETS order entered on March 13, 2003 show below (See Claim

13   Eight    and    evidence    filed    and    referenced    in    this    case

14   EXHIBITS\images\child_abuse_v3.gif) and by unlawful and void custody order issued

15   on 8-13-2003 by Defendant Samuel S Stevens, shown below (EXHIBITS\Exhibit C -

16   Case Files\Exhibit C-2\order_stevens\8-13-03 custody over weekend_s.gif)

MC-220

NAME OF COURT AND DISTRICT, BRANCH, OR DIVISION, IF ANY:

SUPERIOR COURT OF CALIFORNIA
County of Santa Cruz
701 Ocean Street
Santa Cruz, CA. 95060

FOR COURT USE ONLY

PEOPLE OF THE STATE OF CALIFORNIA

vs.

DEFENDANT: CLIVE FRANK BOUSTRED

**PROTECTIVE ORDER IN CRIMINAL PROCEEDING (CLETS)**
(Penal Code, § 136.2)

[X] ORDER PENDING TRIAL     [ ] MODIFICATION
[ ] ORDER POST TRIAL PROBATION CONDITION

CASE NUMBER:

FC6338

**THIS ORDER TAKES PRECEDENCE OVER ANY CONFLICTING COURT ORDER**

PERSON TO BE RESTRAINED (Name): Clive Frank Boustred
Sex: [X] M [ ] F. Ht. 5 11 Wt. 145 Hair Color B Eye Color B Race C Age Date of Birth: 11/11/
[ ] The defendant is a peace officer with _____ Department.

1. This proceeding was heard
on (date): 3/12/03 at (time): 8:15 a.m. in Dept: 5 Room:
by judicial officer (name): Hon Michael of Barton

2. [X] Defendant was personally present at the court hearing, and no additional proof of service of the restraining order is required.

**GOOD CAUSE APPEARING, THE COURT ORDERS**

3. The above-named defendant

  a. shall not annoy, harass, strike, threaten, sexually assault, batter, stalk, destroy personal property of, or otherwise disturb the peace of the protected persons named below.

  b. shall not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person.

  c. must surrender to local law enforcement or sell to licensed gun dealer any firearm in or subject to his or her immediate possession or control within

    (1) [X] 24 hours after issuance of this order
    (2) [ ] 48 hours after service of this order
    (3) [ ] other (specify):

      The restrained person shall file a receipt with the court showing compliance with this order within 72 hours of receiving this order.

  d. [X] shall have no personal, telephonic, or written contact with the protected persons named below.

  e. [X] shall have no contact with the protected persons named below through a third party, except an attorney of record.

  f. [X] shall not come within _____ yards of the protected persons named below.

  g. [ ] shall have peaceful contact with the protected persons named above for court-ordered visitation as ordered in prior or subsequent Family Court and Juvenile Court orders as an exemption to the "no contact" and "stay away" provisions of this order.

4. [X] The protected person may record any prohibited communications made to him or her by the restrained person.

5. NAMES OF PROTECTED PERSONS: Angus _____ William Frank Boustred, Richard Clive Boustred

6. Other orders including stay-away orders from specific locations:

7. This order expires on (specify date): _____
   If no date is listed, this order expires three years from the date of issuance.

Date: 3·12·03

(See warnings on reverse)

JUDICIAL OFFICER · Department/Division

Form Adopted for Mandatory Use
Judicial Council of California

**PROTECTIVE ORDER IN CRIMINAL PROCEEDING (CLETS)**
(Penal Code, § 136.2)

Penal Code, §§ 136.2, 166
Form Approved by

1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ FAMILY LAW CALENDAR | | CASE NUMBER: FL016028 |
|---|---|---|
| DATE: 08/13/03 | JUDGE: SAMUEL S. STEVENS | CLERK: STELLA RUBALCAVA (JB) |
| DEPT: 2 | BAILIFF: JASON NIELSEN | Reporter: PATY BOYD |

CLIVE BOUSTRED

VS

ANAMARIA BOUSTRED

I MOT TO COMP DISCOVERY, ATTY FEES/COSTS/FUR HRG RE SANCTS/RET CHILDREN TO FATHER/SET ASIDE ORD/STATUS

Paul Nesse, Esq., Counsel appearing with Petitioner
Vicki Parry, Esq., Counsel appearing with Respondent
Robert Frandeen, Esq., Counsel appearing for the Children

THE COURT MAKES THE FOLLOWING ORDERS:

The Court finds the Motion to Compel Discovery has been complied with and the motion is moot.

Father shall be responsible for the children from 9:00 a.m. on Saturday until Noon on Sunday every weekend beginning this weekend.

Exchange of the children shall take place at K-Mart, pursuant to previous order, and mother shall provide car seats.

Father shall not videotape mother at any time.

Each party shall provide the other with the names of the adults residing in their homes.

The Court advises it will submit its ruling in writing as to attorney fees and sanctions.

NEXT HEARING DATE
Continued to 9/5/03 at 8:30 AM for Ruling on Attorney Fees and Sanctions, to be heard in Department 11.

MINUTE ORDER

1

2      Above order also being patently void since it was impossible for Samuel S.

3  Stevens to ever have obtained subject matter jurisdiction due to the crimes S.S.

**DECLARATION IN SUPPORT OF ENTRY OF DEFAULT    P13**

1   Stevens committed against Clive Boustred in 1997, see EXHIBITS\Exhibit C - Case

2   Files\Exhibit C-2\recusals\ multiple files:

3   - Clive oust Stevens 170.6 first filing.doc
4   - Clive oust Stevens 170.6 second filing.doc
5   - Clive oust Stevens 170.6 third filing.doc
6   - Clive oust Stevens 170.1 fourth filing.doc
7   - Clive oust Stevens 170.1 fifth filing.doc
8   - Clive oust Stevens 170.1 fifth filing Exhibits to exhibit L.doc
9   - Clive oust Stevens 170.1 fifth filing Exhibits.doc
10  - 2003_03_17_stevens_order_striking_challenge.gif;
11  - 2003_03_17_stevens_order_striking_challenge_service_barbar_fox.gif
12  - 2003_03_17_stevens_order_striking_challenge_verification.gif
13  - Answer to Samuel S Stevens Order Strikking Challenge v3.doc
14  - comission on judicial performance 5-21-03.doc
15  - comission on judicial performance 5-29-03.doc
16  - comission on judicial performance 6-2-03.doc
17  - comission on judicial performance 6-4-03.doc
18  - comission on judicial performance 7-1-03.doc

19  On Clive Boustred challenging said CLETS order and custody modification in

20  Federal Court Case C05 00995 (see EXHIBITS\Exhibit C - Case Files\Exhibit C-8 -

21  Federal Court Habeas\Habeas Corpus 3rd v5 FILED.doc) Santa Cruz Superior Court

22  responded with a notice of non-interest to said kidnap charges and malicious

23  prosecution by Santa Cruz County, as framed in the Eighth Claim of this suit (said

24  Notice of Non Interest shown below and included in EXHIBITS 3\FED- Fogel folder\

25  2005_04_22 Santa Cruz Notice of Non Interest.jpg):

1   DANA McRAE, State Bar No. 142231
    County Counsel, County of Santa Cruz
2   JASON M. HEATH, State Bar No. 180501
    Assistant County Counsel
3   701 Ocean Street, Room 505
    Santa Cruz, California 95060
4   Telephone: (831) 454-2049
    Fax: (831) 454-2115
5

6   Attorneys for Respondent Judith A. Cox

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10  ┌─────────────────────────────────┬─────────────────────────────────┐
11  │ CLIVE FRANK BOUSTRED, et al.,    │ Case No. C05 00995 PJH           │
    │                                 │                                  │
12  │        Petitioner,              │ RESPONSE TO ORDER TO SHOW        │
    │                                 │ CAUSE AND NOTICE OF NON-         │
13  │ v.                              │ INTEREST                         │
    │                                 │                                  │
14  │ JUDITH A. COX, et al.,          │                                  │
    │                                 │                                  │
15  │        Respondents.             │                                  │
    └─────────────────────────────────┴─────────────────────────────────┘

16         TO THE COURT AND PLAINTIFF CLIVE FRANK BOUSTRED, IN PROPRIA

17  PERSONA: PLEASE TAKE NOTICE that on or about April 13, 2005, named respondent Judith A.

18  Cox, Chief Probation Officer for the County of Santa Cruz, received via certified mail a copy of the

19  petition for writ of habeas corpus in this case and the Court's order to show cause. Respondent is

20  informed and believes that the Attorney General for the State of California will substantively

21  respond to the petition. Respondent Cox has no personal interest in responding to this petition or in

22  defending petitioner's criminal prosecution on appeal and does not intend to further respond to the

23  Court's order to show cause unless otherwise ordered by the Court.

24  Dated: April 20, 2005              DANA McRAE, COUNTY COUNSEL

25                                     By:  _Jul Heath_____

26                                          JASON M. HEATH
27                                          Assistant County Counsel
                                            Attorneys for Respondent Judith A. Cox
28

Boustred v. Cox, et al.                              Response To Order To Show Cause And Notice Of Non-Interest
Case No. C05 00995 PJH
                                          -1-

RECEIVED
2005 APR 25  PM 12: 12
SANTA CRUZ
COUNTY COUNSEL

ORIGINAL
FILED

APR 2 2 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1    See also for example EXHIBITS 3\FILINGS C05 00996\2005_12_23 9TH

2    circuit USA Civil Rights Claim Clive Frank Boustred -Amended v3 FILED.doc, Page

3    20, # *"1. Petitioners RCB and WFB be returned to Petitioner Clive Frank Boustred's

4    sole custody"* for further direct Requests for Relief made by Petitioner for Sole

5    Custody of RCB & WFB.  Multiple such requests having been filed in this Court make

6    it impossible for Defendant Anamaria Tichatschke to be unaware of sad plea; and:

7    EXHIBITS 3\FILINGS C05 00996\2006_03_03 Motion for injunctive relief

8    FILED.doc: Page 4: *"3. Enforcing Order To Remove Ex-Wife From Title"*, Page 7:

9    *"Injunctive Plea / Request For Relief: Petitioner seeks an injunction ordering the*

10   *State of California to return RCB and WFB to their Father Clive Boustred's custody"*;

11   and:

12   EXHIBITS 3\FILINGS C05 00996\2006_01_04 9TH circuit USA Civil Rights

13   Claim Clive Frank Boustred -2nd Amendment FILED.doc, Page 4: *"Injunctive Plea:*

14   *Petitioner seeks an injunction ordering the State of California to return RCB and*

15   *WFB to their Father Clive Boustred"*; etc.

16   Defendant Anamaria Tichatschke (Formerly Anamaria Boustred) has failed to

17   make any appearance or plea what so ever denying the challenged fact that custody

18   of RCB and WFB was and has been violently and unlawfully taken from their father

19   Plaintiff Clive Boustred.  Clearly RCB and WFB have been kidnapped from their

20   Father Clive Boustred thereby dictating Federal Court intervention.  Clearly lawful

21   custody of RCB and WFB resides with their father Clive Boustred.  Federal Court has

1    jurisdiction on this Constitutional matter of Custody, some of the Authorities plead in

2    this suit are repeated below:

3        **RECAP OF AUTHORITIES:** *"A parent's right to the custody of his or her*

4    *children is an element of "liberty" guaranteed by the Fifth Amendment and*

5    *Fourteenth Amendment to the Constitution of the United States"* - MATTER OF

6    GENTRY, 369 N.W.2d. 889, Mich. Appellate Div. (1983).;

7        *"Right of parents to the care, custody and to nurture their children is of such*

8    *character that it cannot be denied without violating those fundamental principals of*

9    *liberty and justice which lie at the base of all our civil and political institutions, AND*

10   *SUCH RIGHT IS A FUNDAMENTAL RIGHT PROTECTED BY THIS AMENDMENT*

11   *AND AMENDMENTS 5, 9, and 14"* - DOE V. IRWIN, 441 f. SUPP. 1247, U.S.

12   DISTRICT COURT OF MICHIGAN (1977)

13       *"Parents have fundamental constitutionally protected interest in continuity of*

14   *legal bond with their children"* - MATTER OF DELANEY, 617 P.2d 886, Oklahoma

15   (1980)

16       *"The United States Supreme Court noted that a parent's right to "the*

17   *companionship, care, custody and management of his or her children" is an interest*

18   *"far more precious" than any property right"* - MAV V. ANDERSON, 345 U.S. 528,

19   533; 73 S.Ct. 840, 843 (1952)

20       *"No bond is more precious and none should be more zealously protected by*

21   *the law as the bond between parent and child."* - CARSEN V. ELROD, 411 F.Supp.

22   645, 649 (U.S. District Court Eastern Dist. Virginia 1976)

1    "*Custody can be changed if visitation is denied.  Wife can be held in*

2    *contempt if visitation is denied.*" - ENTWISTLE V. ENTWISTLE, 402 NYS 2d 213;

3    "*Custody can be changed if wife is "disrespectful" of "visitation" order*" -

4    MURASKIN V. MURASKIN 283 NW 2d 140 (N. Dakota 1979);

5    "*Federal judges can set aside or overturn state courts to preserve*

6    *constitutional rights*" - MITCHUM V. FOSTER, 407 US 225 (1972), see also Title 28

7    US Code sec. 2284.

8    "*State Judges, as well as federal, have the responsibility to respect and*

9    *protect persons from violations of federal constitutional rights.*" - GROSS V. STATE

10   OF ILLINOIS, 312 F 2d 257; (1963).

11   U.S.C. Section 1738A and 42 and 654, 663; 28 U.S.C. Section 1738A and 42

12   U.S.C. Section 654, 663 dictate that States do not have a right to kidnap children as

13   is the case in this case, Federal Court has authority and jurisdiction to set-aside void

14   custody orders and return children kidnapped from their parents to the rightful

15   custody of their custodial parent.    See also CALIFORNIA PENAL CODE § 278.,

16   278.5, 280 and § 44, 44.1, 45, 46

17   Significant additional Authorities authorizing the issuance of this Summary

18   Judgment can be found throughout the Authorities section of the Complaint.

19   <u>CONCLUSION:</u> Defendant Anamaria Tichatschke (formerly Anamaria

20   Boustred) having been repeatedly and properly served and having failed to make

21   any appearance or plea, pursuant to the record and Authorities, it is proper for the

1    issuance of this summary judgment and sole custody of RCB & WFB to be awarded

2    to Plaintiff.

3

4    ## The Record RE: 2.: Anamaria Boustred be removed

5    ## from title to Clive Boustred home.

6    See Eleventh Claim For Relief: Conspiracy, wherein the facts show

7    Defendant Anamaria Tichatschke (Formerly Anamaria Boustred) agreed to and

8    stipulated and it was ordered on 7-30-02 (Order shown below) and stipulated to on

9    August 13, 2002 (Stipulation show above in #1 on page 8– both Order and

10   Stipulation filed in EXHIBITS\images\1st_separation_p1.gif & ..2.gif and

11   EXHIBITS\Exhibit C - Case Files\Exhibit C-2\order_custody_stip\ respectively)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name & ....ess):

JAMES DANAHER SBN 122330
ATTORNEY AT LAW
340 SOQUEL AVENUE, SUITE 205
SANTA CRUZ, CA 95062

TELEPHONE NO.: 831-427-2727

ATTORNEY FOR (Name): CLIVE BOUSTRED

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**   SANTA CRUZ
STREET ADDRESS:  701 OCEAN STREET
MAILING ADDRESS:  701 OCEAN STREET
CITY AND ZIP CODE:  SANTA CRUZ, CA 95060
BRANCH NAME:

**F I L E D**

JUL 3 1 2002

BARBARA J. FOX, CLERK
BY
DEPUTY SANTA CRUZ COUNTY

PETITIONER/PLAINTIFF: CLIVE BOUSTRED

RESPONDENT/DEFENDANT: ANAMARIA BOUSTRED

CLAIMANT:

| **FINDINGS AND ORDER AFTER HEARING**<br>(Family Law - Domestic Violence Prevention - Uniform Parentage) | CASE NUMBER:<br>FL 16028 |

1. This proceeding was heard
on (date): JULY 12, 2002   at (time): 1:00 P.M.   in Dept.: 9   Room:
by Judge (name): ROBERT B. ATACK   ☐ Temporary Judge

[X] Petitioner/plaintiff present          [X] Attorney present (name): JAMES DANAHER
[X] Respondent/defendant present     [X] Attorney present (name): VICKI PARRY
☐ Claimant present                           ☐ Attorney present (name):
On the order to show cause or motion filed (date): 7/12/02   by (name): CLIVE BOUSTRED

2. **THE COURT ORDERS**

3. Custody and visitation:   [X] As attached   ☐ Not applicable

4. Child support:   ☐ As attached   [X] Not applicable

5. Spousal-Family support:   ☐ As attached   [X] Not applicable

6. Property orders:   [X] As attached   ☐ Not applicable

7. Domestic Violence Miscellaneous Orders   ☐ As attached   [X] Not applicable

8. Other orders:   [X] As attached   ☐ Not applicable

9. ☐ Attorney fees (specify amount): $   ☐ payable as child support   ☐ payable as spousal support
Payable to (name and address):

Payable  ☐ forthwith  ☐ other (specify):

10. All other issues are reserved until further order of court.

Date: 7-30-02

Approved as conforming to court order.

ROBERT B. ATACK   JUDGE OF THE SUPERIOR COURT   9

SIGNATURE OF ATTORNEY FOR  ☐ PETITIONER/PLAINTIFF  [X] RESPONDENT/DEFENDANT
VICKI PARRY

(Continued)   Page 1 of 5

Form Adopted by Rule 1296.31
Judicial Council of California
1296.31 [Rev. January 1, 1992]
Mandatory Form

**FINDINGS AND ORDER AFTER HEARING**
(Family Law - Domestic Violence Prevention - Uniform Parentage)

Legal Solutions Plus

1

Marriage of Boustred
Case No. FL 16028
Attachment to Findings and Order After Hearing
July 12, 2002

    1.    The Court adopts the Recommendation re: Custody and Visitation attached to this order.

    2.    Neither party will travel with the children outside of the area south of Carmel or north of Napa, or outside of the San Francisco Bay Area counties.

    3.    Respondent, ANAMARIA BOUSTRED, will vacate the family home. Petitioner, CLIVE BOUSTRED, will commit fully to purchasing Respondent's interest in the home within 30 days or the parties will agree to select a mutually agreed to agent and they shall list the house at a mutually agreed to price.

    4.    The parties are referred to Family Court Services for a Level II Custody Investigation. Each party will pay one-half of the $750 Level II evaluation fee, subject to the court's jurisdiction to allocate the costs differently at a later time. The parties will return to Court on September 4, 2002, for review following receipt of the Level II report.

1

1    Cleary pursuant to the above order and the Stipulation there to, the record

2    shows Anamaria Tichatschke (Formerly Anamaria Boustred) agreed to and was

3    ordered to the following: "3. *Respondent, ANAMARIA BOUSTRED, will vacate the*

4    *family home. Petitioner, CLLVE BOUSTRED, will commit fully to purchasing*

5    *Respondent's interest in the home within 30 days or the parties will agree to select a*

6    *mutually agreed to agent and they shall list the house at a mutually agreed to price."*

7    As clearly stated in the complaint, Anamaria Boustred, now Anamaria

8    Tichatschke, was paid out for the family home through distribution of assets in

9    accordance with said agreement and stipulation (P17, P100). See also U.S. District

10    Court Case C005 00996 for which Defendant Anamaria Tichatschke (Formerly

11    Anamaria Boustred) also failed to make any appearance or plea despite being

12    formally and properly served in that case (on multiple occasions over a period of

13    years). EXHIBITS 3\FILINGS C05 00996\2006_03_03 Motion for injunctive relief

14    FILED.doc: Page 4: "*3. Enforcing Order To Remove Ex-Wife From Title*", Page 7:

15    "*Injunctive Plea / Request For Relief: Petitioner seeks an injunction ordering the*

16    *State of California to return RCB and WFB to their Father Clive Boustred's custody;*

17    ...; *the right to refinance his homestead and remove his ex-wife from title as*

18    *ordered*", and;

19    EXHIBITS 3\FILINGS C05 00996\2006_01_04 9TH circuit USA Civil Rights

20    Claim Clive Frank Boustred -2nd Amendment FILED.doc, Page 3: "*Cause For*

21    *Injunction: 3. Enforcing Order To Remove Ex-Wife From Title*" Page 4 "*and remove*

22    *his ex-wife from title as ordered*"

- Fifteenth Claim For Relief: Intentional/Negligent Infliction of Emotional Distress, Fraud/Deceit, Wrongful Civil Proceedings / Abuse Of Process
- Sixteenth Claim For Relief: Wrongful Civil Proceedings / Abuse Of Process
- Twentieth Claim For Relief: Disparagement Of Business Reputation Or Property, Interference With Business Relations, Pure Economic Loss, Intentional Interference With Prospective Economic Advantage,
- Thirty-second Claim For Relief: Extortion
- Thirty-third Claim For Relief: Public Nuisance
- Thirty-fourth Claim For Relief: Racketeering
- Thirty-fifth Claim For Relief: Mixed War

CONCLUSION: Defendant Anamaria Tichatschke (formerly Anamaria Boustred) having been repeatedly and properly served and having failed to make any appearance or plea, pursuant to the record and Authorities, it is proper for the issuance of this summary judgment which seeks only a preliminary declaration that is to be finalized in trail once other parties have made their pleas, Anamaria Tichatschke's portion of the more than sixty billion dollar liability can only increase and is well in excess of ten million dollars.

# VERIFICATION & SUBSCRIPTION

I, Clive Boustred, am a Party in the above-entitled action and the Chairman, President and CEO of the Corporate Parties and the Father to the Minor Children herein. I have read the foregoing Document(s), Affidavit(s), Declaration(s), and/or Materials, Id., including referenced and/or attached documents, and/or duplicates of such documents and know the contents thereof. The same is true of my own

1    knowledge, except as to those matters which are therein alleged on information and

2    belief, and as to those matters, I believe it to be true.   I declare under penalty of

3    perjury that the foregoing is true and correct and that this affidavit was executed at

4    Santa Cruz, California on March thirty one two thousand and eight.

5

6        Date: March 31, 2008 _____

7                    Clive Boustred, representing Plaintiffs C0800546

8                    In Propria Persona Sui Juris, Without Prejudice UCC 1-207

9