*E-filed on*   5/20/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLIVE FRANK BOUSTRED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNMENT and COUNTY OF SANTA CRUZ, et al.,<br><br>Defendants. | No. C-08-00546 RMW<br><br>ORDER RE: IRWIN JOSEPH'S MOTION TO DISMISS<br><br>**[Re Docket Nos. 10, 38]** |

On January 24, 2008, plaintiff Clive Frank Boustred, proceeding *pro se*, filed the above-captioned action on behalf of himself, his minor children RCB and WFB, and seven apparently corporate entities. Defendant Irwin Joseph moves to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. The hearing on the motion, originally set for April 21, 2008 before Judge Ware, was continued to May 23, 2008 when this case was reassigned to the undersigned. See Docket Nos. 36, 37, 38. On April 21, 2008, plaintiffs filed a response entitled "Response to Third Party Attempts to Dismiss Case Prior to Trial." *See* Docket

1  No. 44.[1] After considering the parties' papers, the court finds this matter suitable for disposition on
2  the papers without hearing. N.D. Cal. Local Rule 7-6. The hearing currently set for May 23, 2008
3  at 9:00 a.m. is vacated.

4  On January 25, 2008, defendant Joseph was handed an envelope containing the following
5  items: (1) Standing Order Regarding Case Management in Civil Cases for the United States District
6  Court, Northern District of California, San Jose Division; (2) Order Setting Initial Case Management
7  Conference and ADR Deadlines; (3) blank forms including a Declination to Proceed Before a
8  Magistrate Judge; ADR Certification by Parties and Counsel; (4) copies of General Order No. 40
9  and General Order No. 53; (5) a copy of Instructions for Completion of ADR Process; (6) Standing
10 Order for All Judges of the Northern District of California; (7) Standing Order for Civil Practice in
11 Cases Assigned for All Purposes to Magistrate Judge Patricia V. Trumbull; (8) Summons in a Civil
12 Action for the above captioned case indicating "Irwin Joseph" as the recipient; (9) a two-page
13 document captioned Boustred, et al. v. Government and County of Santa Cruz, et al., which also
14 apparently includes the following language: "INDEX TO THE CD: which indicates that the CD
15 contains a complaint and evidence proving claim;" (10) a computer CD with handwritten notation
16 "U.S. District Court San Jose, #C0800546, Boustred v. Santa Cruz, Jan 24, 2008;" (11) a computer
17 with printing reading "The DOT.BOMB CONSPIRACY, Chapter 1, Liberty for Life Association;"
18 and (12) a postcard entitled "Merry Christmas" indicating that it was produced by the Liberty for
19 Life Association. Decl. Troy Overton Supp. Mot. Dismiss ¶ 3. To date no one has placed the
20 computer CDs into a computer or made any attempt to open them for fear that they may contain a
21 virus or be otherwise corrupted. *Id.* ¶ 4.

22 Defendant Joseph does not dispute that he has been served with the summons in this matter.
23 Nevertheless, he asserts that he has not been properly served with the complaint. As a result, Joseph
24 argues, plaintiffs' claims against him must be dismissed because service of the summons without a
25 complaint does not constitute proper service. He therefore asserts that the complaint must be
26 dismissed for ineffective service of process under Fed. R. Civ. P. 12(b)(5). If a 12(b)(5) motion is

27
28  [1] The court acknowledges that plaintiffs did not timely file a response to defendant's initial motion to dismiss as pointed out to the court in defendant's reply that was filed on April 7, 2008. However, because the case was reassigned, the court will nevertheless consider plaintiff's April 21, 2008 filing.

ORDER RE: IRWIN JOSEPH'S MOTION TO DISMISS—No. C-08-00546 RMW
MAG                                         2

granted, the court may either dismiss the action or retain the action and quash the service. *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985). Where it appears that effective service can be made and there has been no prejudice to the defendant, courts will quash service rather than dismiss the action. *Umbenhauer v. Woog*, 969 F.2d 25, 31 (3d Cir. 1992).

Rule 4 of the Federal Rules of Civil Procedure governs the service of the summons and complaint. It requires that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Rule 5 states, "Unless these rules provide otherwise, each of the following papers must be served on every party: . . . a written motion, except one that may be heard ex parte . . ." Fed. R. Civ. P. 5(a)(1). Rule 5 also states that a paper can be served by "sending it by electronic means *if the person consented in writing*." Fed. R. Civ. P. 5(b)(2)(E) (emphasis added).

Here, defendant Joseph was served with a combination of paper and electronic documents. He argues that he has not consented in writing to electronic service and thus that service is not effected until a paper copy of the complaint is served. Plaintiffs argue that the basis for Joseph's motion is a technicality and permitting defendant to move to dismiss because the complaint was served in electronic form that remains unopened for fear of corruption or viruses is akin to permitting a defendant to say he was not served with the complaint because he has not yet looked into an envelope. This circumstance is different, given that the Federal Rules of Civil Procedure require that the service in electronic form requires consent from the recipient. Thus, the court agrees that defendant Irwin did not consent to electronic service from plaintiffs and that, accordingly, plaintiffs' service of the complaint upon Joseph was defective. *Cf. McKenna v. Nat'l Action Fin. Servs.*, 2008 U.S. Dist. LEXIS 29791 (S.D. Fla. Apr. 11, 2008) (finding that party had failed to properly effect service by facsimile where opposing counsel had never consented to service by facsimile).[2]

---

[2] Even assuming that defendant Joseph could be considered to have consented to electronic service through the Electronic Court Filing system by his participation in other e-filed cases, his consent to ECF delivery would not authorize the form of electronic service attempted by plaintiffs, nor would it imply that he has consented to electronic service of the complaint. General Order 45(V)(A) which implements the ECF system provides with regard to initiating documents, "Complaints, indictments and informations, including superseding indictments and informations, and other case-initiating documents shall be filed, any fees paid, and summons issued and served in the traditional manner on paper rather than electronically." Thus, it cannot be said that Joseph's consent to be served pursuant

1   The court finds, however, that the remedy of dismissal of plaintiffs' claims requested by
2   Joseph is not an appropriate one as it appears that service can be corrected. Instead, the court will
3   quash service to defendant Joseph and give plaintiffs thirty day to effect service properly.

**ORDER**

5   For the forgoing reasons, the court quashes service to Irwin Joseph. Plaintiffs shall have
6   thirty (30) days from the date of this order to properly serve Joseph. Failure to do so will result in
7   the court dismissing Irwin Joseph from the instant action.

8   Additionally, due to the court's schedule, it must vacate the case management conference
9   currently set for June 20, 2008. The parties shall appear for a case management conference on July
10  18, 2008 at 10:30 a.m. The parties shall file a Joint Case Management Statement by July 11, 2008.

DATED:     5/20/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

to the court's system permitted plaintiffs to serve him on CD.

ORDER RE: IRWIN JOSEPH'S MOTION TO DISMISS—No. C-08-00546 RMW
MAG                                                       4

1 **A copy of this order was mailed on**    5/20/08    **to:**

2 **Counsel for Plaintiff(s):**

3 Clive Frank Boustred
210 Suncrest Drive
4 Soquel, CA 95073

5 **Counsel for Defendant(s):**

6 Troy Overton          troy.overton@doj.ca.gov

7
Counsel are responsible for distributing copies of this order to co-counsel, as necessary.
8