JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
   Telephone: (408) 535-5082
   FAX: (408) 535-5081
   James.Scharf@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLIVE FRANK BOUSTRED, ET AL. ) | No. C 08-00546 RMW |
| ) | |
| Plaintiffs, ) | **UNITED STATES' NOTICE OF MOTION AND MOTION TO DISMISS FEDERAL DEFENDANTS** |
| ) | |
| v. ) | |
| ) | |
| COUNTY OF SANTA CRUZ, ET AL., ) | Date: July 18, 2008 |
| ) | Time: 9:00 a.m. |
| Defendants. ) | Courtroom: 6, 4th Floor |
| ) | Hon. Ronald M. Whyte |

## NOTICE OF MOTION

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Please take notice that on July 18, 2008, at 9:00 a.m. , or as soon thereafter as this matter may be heard by this Court, located 280 South First Street, San Jose, California 95113, defendant United States of America will appear specially to move this Court pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5) and 12(b)(6) for an order dismissing plaintiffs' claims against the United States of America with prejudice and without leave to amend. The United States also seeks *amicus curiae* status in this case to assert its own interest in the absolute immunity of the

UNITED STATES' MOTION TO DISMISS THE FEDERAL DEFENDANTS
No. C 08 00546 RMW

judicial and quasi-judicial defendants ("Federal Defendants")[1] from plaintiffs' lawsuit. The United States has an independent interest in the impact of this litigation because the unwarranted assertion of claims for money damages and other relief against federal judges and court staff interferes with the orderly administration of justice.[2]

This Motion is based on this Motion and Memorandum of Points and Authorities, the Court files and pleadings in this action and plaintiffs' previous actions, and any other matters that the Court may consider at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   INTRODUCTION

The history of plaintiff's dispute with various governmental officials and entities is well chronicled in the defendants' motions filed in plaintiffs' previous cases and in Judge Fogel's Order dated September 12, 2006, dismissing Civil Case No. C 05 00996 JF ("Order"). In that Order, the Court dismissed plaintiffs' complaint with prejudice and without leave to amend because the plaintiffs' complaint failed to state claims upon which relief may be granted. *See* Order at 4. The Court also dismissed the complaint because the plaintiffs alleged facts that were insufficient to give notice to each defendant as to the factual and legal basis of the asserted claim. *Id*.

In the subject complaint, plaintiffs bring a suit involving forty-three claims against sixty-nine defendants, including the United States of America, numerous state and federal judges, the Attorney General of the State of California, Edmund G. Brown, former Chairman of the Federal

---

[1] The "Federal Defendants" include the Honorable Phyllis J. Hamilton, the Honorable Jeremy Fogel, the Honorable James Ware, the Honorable Mary M. Schroeder, and "clerk Richard W. Wieking (rw), COURT STAFF." Though undersigned counsel is not aware that any of the Federal Defendants have been served properly, the United States requests that the Complaint against all Federal Defendants be dismissed for the reasons stated in this motion. Accordingly, references to "the Federal Defendants" in this motion should be read to include all defendants affiliated with the federal government.

[2] See 28 U.S.C. § 517 ("[t]he Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States . . .").

UNITED STATES' MOTION TO DISMISS THE FEDERAL DEFENDANTS
No. C 08 00546 RMW

2

Reserve, Alan Greenspan, and several banks and corporations including Bank of America, Capital One Bank, Discover Financial Services, Wells Fargo, and American Express.

The United States of America, as *amicus curiae*, respectfully submits that plaintiffs' complaint is frivolous, and the complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The United States further contends that the judicial defendants are absolutely protected from suit under the doctrine of judicial immunity. Though it does not appear that the United States of America or any of the Federal Defendants have been properly served to date, defendant United States of America asks the Court to dismiss the claims against the United States of America and all of the named Federal Defendants with prejudice and without leave to amend.

## II.    FACTUAL ALLEGATIONS

Plaintiffs' First Amended Civil Rights Complaint ("Complaint") purports to sue the United States of America and the following Federal Defendants in their official and individual capacities: the Honorable Phyllis J. Hamilton, the Honorable Jeremy Fogel, the Honorable James Ware, the Honorable Mary M. Schroeder, and "clerk Richard W. Wieking (rw), COURT STAFF." *See* Complaint at 11-12, 29. The Complaint alleges that the Federal Defendants engaged in fraud, racketeering, kidnaping, treason, misprison of felony, and conspiracy to murder him. *See* Complaint at 3, 17. The Complaint also alleges, among other claims, that the Federal Defendants acted as agents for the Rothschild's New World Order oligarchy, "bringing effective slavery and oppression not only on themselves but on their children and their children's children and future generations." *See* Complaint at 19-20.

## III.    ARGUMENT

### A.    The United States Is Not A Proper Defendant

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued." *U. S. v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations omitted). The question of whether or not the United States has waived sovereign immunity is a question of subject matter jurisdiction. *Id.*; *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). "A waiver

UNITED STATES' MOTION TO DISMISS THE FEDERAL DEFENDANTS
No. C 08 00546 RMW

3

of sovereign immunity cannot be implied but must be unequivocally expressed." *Mitchell*, 445 U.S. at 538 (internal quotations omitted). The burden is on the plaintiffs to prove the existence of the government's waiver of sovereign immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied sub nom* Holloman v. Clark, 466 U.S. 958 (1984).

Because Congress has not waived sovereign immunity for constitutional tort claims, a plaintiff cannot sue the United States for such claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Therefore, plaintiff's allegations of constitutional violations by the United States of America must be dismissed.

### B. Judges Are Entitled To Absolute Immunity

Judges are absolutely immune from civil liability for damages for their judicial acts. *Mireles v. Waco,* 502 U.S. 9, 9-10 (1991); *see also Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (holding judges entitled to absolute immunity where plaintiff seeks to hold judge liable for performance of judicial acts). Further, federal judges are absolutely immune from claims for declaratory, injunctive, or other equitable relief arising from their judicial acts. *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996). Judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988).

Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Judicial immunity applies to any action taken by a judge in his judicial capacity, "no matter how injurious in its consequences it may have proved to the plaintiff," *Moore*, 96 F.3d at 1243.

In this case, plaintiffs sued the federal judges due to actions resulting from their official duties. Accordingly, the judicial defendants (the Honorable Phyllis J. Hamilton, the Honorable Jeremy Fogel, the Honorable James Ware and the Honorable Mary M. Schroeder) are entitled to judicial immunity and there can be no subject matter jurisdiction over such claims.

### C. The Quasi-Judicial Defendant Is Entitled To Absolute Immunity

Defendant United States also asserts its interest in the absolute immunity of the quasi-

judicial defendant from plaintiff's lawsuit. Court personnel are absolutely immune from civil liability for damages for their judicial acts. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987); *see also Moore v. Brewster*, 96 F.3d 1240, 1244-45 (9th Cir. 1996) (outlining absolute judicial immunity and quasi-judicial immunity of court clerk). "When judicial immunity is extended to officials other than judges, it is because their judgments are functionally comparable to those of judges – that is, because they, too, exercise a discretionary judgment as a part of their function." *Antoine v. Byers & Anderson*, 508 U.S. 429, 436 (1993) (quotation omitted). Where a clerk takes an action such as filing a document with the court, she is entitled to quasi-judicial immunity for her actions, provided the acts complained of are within the clerk's jurisdiction. *Mullis*, 828 F.2d at 1390.

It appears that plaintiffs sued Defendant Richard W. Wieking due to quasi-judicial acts taken in his official capacity as a court clerk. Under such circumstances, his actions are completely immune from suit for those actions. Defendant is immune from liability for judicial acts, "'however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiffs' and irrespective of the [person's] motivation." *See Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000), quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

Thus, to the extent plaintiffs' claims are based on quasi-judicial acts, Defendant Richard W. Wieking is entitled to judicial immunity and there can be no subject matter jurisdiction over such claims.

Plaintiffs "cannot possibly win relief" against this defendant (*see Omar v. Sea-Land Serv., Inc.*, 813 F. 2d at 991), and it appears that the Court lacks subject matter jurisdiction over the claims against this defendant. *See* Fed. R. Civ. P. 12(h)(3). Based on the foregoing, the United States respectfully submits that the Court should dismiss the complaint as to Defendant Richard W. Wieking with prejudice.

### D. Plaintiffs Cannot Bring Claims Under 42 U.S.C. § 1983 Against Federal Defendants

Plaintiffs use 42 U.S.C. §1983 as a further basis for their claims against defendants. *See* Complaint at 1, 34-35. That statute provides a cause of action for constitutional deprivations undertaken under color of *state* law. Because plaintiffs' allegations against the Federal Defendants would necessarily be under color of *federal* law, this statute does not provide any basis for liability as to the Federal Defendants.

### E. Plaintiff Has Not Properly Served The Federal Defendants.

Rule 4(i) of the Federal Rules of Civil Procedure sets forth the procedures that must be followed when serving the United States and its agencies or employees. The United States does not have information indicating that plaintiffs have properly served any of the Federal Defendants.

## IV. CONCLUSION

For all of the foregoing reasons, the Court should dismiss plaintiffs' claims against the United States of America and all of the named Federal Defendants with prejudice and without leave to amend.

DATED: June 2, 2008

                                                                       Respectfully submitted,

                                                                       JOSEPH P. RUSSONIELLO
United States Attorney

                                                                          /S/
JAMES A. SCHARF
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**UNITED STATES' NOTICE OF MOTION AND MOTION TO DISMISS FEDERAL DEFENDANTS**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

√    **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____    **PERSONAL SERVICE (BY MESSENGER)**

____    **FACSIMILE (FAX)** Telephone No.:_____

____    **BY FEDERAL EXPRESS**

to the parties addressed as follows:

Clive Boustred
210 Suncrest Drive
Soquel, CA 95073

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of June, 2008, at San Jose, California

_____/S/_____
Mimi Lam

UNITED STATES' MOTION TO DISMISS THE FEDERAL DEFENDANTS
No. C 08 00546 RMW