1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  TROY B. OVERTON (SBN 171263)
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
5    Telephone: (415) 703-5516
     Fax: (415) 703-5480
6  Email: troy.overton@doj.ca.gov

7  Attorneys for Defendant IRWIN JOSEPH

8
                    IN THE UNITED STATES DISTRICT COURT
9
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                             SAN JOSE DIVISION
11

12 | CLIVE FRANK BOUSTRED, et al.          Case No. C-08-00546 RMW

13 |                        Plaintiffs,    IRWIN JOSEPH'S NOTICE OF MOTION
                                           AND MOTION TO DISMISS WITH
14 |              v.                       MEMORANDUM OF POINTS AND
                                           AUTHORITIES IN SUPPORT THEREOF
15 | GOVERNMENT AND COUNTY OF              [FRCP 12(b)(1) & 12(b)(6)]
   | SANTA CRUZ, et al.,
16 |                                       Date:  August 22, 2008
   |                        Defendants.    Time:  9:00 a.m.
17 |                                       Place: Federal Building
                                                  280 South First Street
18 |                                              San Jose, California
                                           Dept:  6, Fourth Floor
19 |                                       Judge: Hon. Ronald M. Whyte

20  TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

21       PLEASE TAKE NOTICE that on August 22, 2008 at 9:00 a. m., or as soon thereafter as

22  this matter may be heard by this Court, in Courtroom 6 of the above-entitled court, located at 280

23  South First Street, Fourth Floor, San Jose, California, Defendant Irwin Joseph (hereinafter

24  "Commissioner Joseph") will and hereby does move this Court to dismiss all claims for relief

25  against him pursuant to Rules 12(b)(1) & 12(b)(6) of the Federal Rules of Civil Procedure. This

26  motion is made on the grounds that plaintiffs' complaint fails to establish subject matter

27  jurisdiction and fails to state claims in which relief can be granted against Commissioner Joseph.

28  ///

1

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's    [FRCP 12 (b)(1) & 12(b)(6)]
*Boustred v. Government and County of Santa Cruz*                                Case No. C-08-00546 RMW

1  This motion is and shall be based upon this notice of motion and motion, the
2  accompanying memorandum of points and authorities filed herewith, all pleadings and papers on
3  file in the matter herein, and upon such matters as may be presented to the Court at the time of
4  hearing.

5  Dated: July 8, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

PAUL T. HAMMERNESS
Supervising Deputy Attorney General


s/s Troy B. Overton
TROY B. OVERTON
Deputy Attorney General

Attorneys for Defendant IRWIN JOSEPH

2

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's      [FRCP 12 (b)(1) & 12(b)(6)]
Boustred v. Government and County of Santa Cruz                                    Case No. C-08-00546 RMW

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

By their complaint, plaintiffs bring this federal suit alleging damages due to various perceived crimes and civil rights violations. As these allegations pertain to Commissioner Joseph, plaintiffs allege various unspecified crimes and civil rights violations associated with Commissioner Joseph presiding over Plaintiff Clive Boustred's state court divorce case.

To the extent plaintiffs' claims pertain to any ongoing state court action, a federal district lacks subject matter jurisdiction to declare state court rulings or judgments null and void. As the complaint might pertain to any portion of the underlying state court case that is still ongoing, this Court should abstain pursuant to the *Younger* doctrine. Further, even if accepted as true, none of the factual allegations asserted against Commissioner Joseph in plaintiffs' complaint give rise to any actionable claims and thus, this action against Commissioner Joseph should be dismissed pursuant to Rule 12(b)(6). Moreover, this action is not only barred by the Eleventh Amendment, but Commissioner Joseph has judicial immunity for all of the acts plaintiffs allege arise out of the exercise of his judicial functions. Thus, plaintiffs' complaint fails to allege sufficient facts to establish subject matter jurisdiction and fails to state a claim in which relief can be granted against Commissioner Joseph and, therefore, it should be dismissed pursuant to Rules 12(b)(1) & 12(b)(6) of the Federal Rules of Civil Procedure.

///
///
///
///
///
///
///
///
///

3

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's    [FRCP 12 (b)(1) & 12(b)(6)]
*Boustred v. Government and County of Santa Cruz*    Case No. C-08-00546 RMW

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 24, 2008, Plaintiffs filed a complaint for damages asserting violations of civil rights and various other allegations. Plaintiffs' complaint alleges forty-three (43) claims for relief against approximately fifty (50) defendants alleging damages due to various crimes and civil rights violations[1]. As these allegations pertain to Commissioner Joseph, plaintiffs allege various unspecified crimes and civil rights violations apparently associated with Commissioner Joseph presiding over Plaintiff Clive Boustred's divorce case in the Superior Court of California, County of Santa Cruz ("state court.") (Complaint, Page 17, lines 6 to 17.) While not indicating any specific defendant, plaintiffs allege that various judges and court commissioners "still insist" on presiding over his divorce case and have refused to allow the case to move forward. (*Id.*) With regard to Commissioner Joseph, plaintiffs allege two specific claims for relief solely against him. Plaintiffs' Sixth Claim for Relief alleges "misprision of felony" against Commissioner Joseph in that he joined in the malicious prosecution of plaintiff and unlawfully fined Plaintiff Boustred. (Complaint, Page 75, line 9 to Page 76, line 17.) Plaintiffs' Seventh Claim for Relief alleges treason against Commissioner Joseph apparently for presiding over Plaintiff Boustred's state court matter allegedly without jurisdiction. (Complaint, Page 76, line 18 to Page 77, line 27; See Complaint, Page 154, lines 23 to 28.) Plaintiffs include Commissioner Joseph, among other defendants, in fifteen (15) additional claims for relief, all of which appear to pertain to Commissioner Joseph presiding over the same state court divorce proceedings. (Complaint, Page 77, line 28 to Page 95, line 6; Page 98, line 1 to page 110, line 20; Page 115, line 17 to Page 116, line 16; Page 131, line 7 to Page 143, line 14; Page 152, line 1

---

1. It should be noted that by this motion to dismiss, Commissioner Joseph is responding to an unsigned pleading entitled Open Complaint for Damages for Violations of Civil rights and Court Rules and Petition to the Government for Redress of Grievances to Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, etc. which was delivered (without a summons or any additional documents) to a court clerk at the state courthouse in Santa Cruz. Although unsigned, the pleading is dated January 28, 2008. Commissioner Joseph is unable verify whether the voluminous pleading that was delivered to the courthouse is an exact copy of the actual complaint that has been filed in this action by plaintiff.

4

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's   [FRCP 12 (b)(1) & 12(b)(6)]
*Boustred v. Government and County of Santa Cruz*   Case No. C-08-00546 RMW

to Page 164, line 27.)

Plaintiffs' 440 page complaint is vague, disjointed and unfocused making it difficult to understand precisely what occurred in the state court proceedings, the current status of the state court action, and the specific relief plaintiffs are requesting against Commissioner Joseph. What is clear, however, is that as it pertains to Commissioner Joseph, plaintiffs' complaint does not raise a federal question, does not assert diversity of citizenship, and fails to allege any viable claims for relief.

### III.

### ARGUMENT

**A. Since Federal District Courts Lack Jurisdiction to Review Final State Court Judgments, Plaintiffs' Action Should Be Dismissed**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. Unlike a motion under Rule 12(b)(6), the Court is not required to accept all of the non-moving party's factual allegations as true. "Federal courts are courts of limited jurisdiction . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (citations omitted). (*Ass'n of Am. Med. Colleges v. United States* (9th Cir. 2000) 217 F.3d 770, 778-9.)

In this action, all of the allegations plaintiffs allege against Commissioner Joseph appear to stem from various rulings and occurrences that occurred in state court. (Complaint, Page 17, lines 6 to 17.) In fact, plaintiffs assert that judges and commissioners in state court " . . . issued and upheld blatantly void and illegal orders." (*Id.*) However, under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review final state court judgments. (*See District of Columbia Court of Appeals v. Feldman* (1983) 460 U.S. 462, 482 n.16; *Rooker v. Fidelity Trust Co.* (1923) 263 U.S. 413, 415-16.) With the exception of habeas corpus petitions, the *Rooker-Feldman* doctrine prohibits district courts from "sit[ting] in direct review of state court decisions." (*Feldman*, 460 U.S. at 482 n. 16.) The doctrine bars "a losing party in state court . . . from seeking what in substance would be appellate review of the state judgment in a

5

United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." (*Bennett v. Yoshima* (9th Cir. 1998) 140 F.3d 1218, 1223 (quoting *Johnson v. De Grandy* (1994) 512 U.S. 997, 1005-06.)

The *Rooker-Feldman* doctrine derives from 28 U.S.C. § 1257, the statutory provision that grants the Supreme Court jurisdiction to review decisions of the highest state courts. Because the statute reserves jurisdiction exclusively to the Supreme Court, "it is improper for federal district courts to exercise jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." (*Ernst v. Child & Youth Servs.* (3rd Cir. 1997) 108 F.3d 486, 491.) The doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. (*See Dubinka v. Judges of Superior Court* (9th Cir. 1994) 23 F.3d 218, 221.)

Here, Plaintiffs' 440 page complaint does not state a valid basis for subject matter jurisdiction against Commissioner Joseph because what is alleged against him falls directly within the Rooker-Feldman doctrine. Plaintiffs' complaint appears to challenge Commissioner Joseph's actions while presiding over Plaintiff Boustred's divorce proceedings in state court. (Complaint, Page 17, lines 6 to 17; Page 75, line 9 to Page 95, line 6; Page 98, line 1 to page 110, line 20; Page 115, line 17 to Page 116, line 16; Page 131, line 7 to Page 143, line 14; Page 152, line 1 to Page 164, line 27.) By including state court rulings, judgments, proceedings in this action, plaintiffs are essentially trying to seek appellate review of them. The *Rooker-Feldman* doctrine clearly prevents this Court from granting plaintiffs the relief they request against Commissioner Joseph.

Further, it should be noted that the mere fact that plaintiffs' complaint references constitutional claims under 42 U.S.C. § 1983 does not correct the jurisdiction problem. (*See Worldwide Church of God v. McNair* (9th Cir. 1986) 805 F.2d 888, 893 n.4 ("Cases subsequent to *Feldman* make it clear that *Feldman* doctrine precludes district courts from considering constitutional claims that are "inextricably intertwined" with the state court's rulings. (*Id.* at 891.) A federal claim is considered "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.* (1987) 481 U.S. 1, 25 (Marshall, J., concurring).) In other

6

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's     [FRCP 12 (b)(1) & 12(b)(6)]
*Boustred v. Government and County of Santa Cruz*     Case No. C-08-00546 RMW

words, "the district court does not have jurisdiction if it cannot evaluate the constitutional claims without conducting a review of the state court's legal determinations in a particular case." (*Lefcourt v. Superior Court* (N.D.Cal. 1999) 63 F.Supp.2d 1095, 1098.)

As it pertains to Commissioner Joseph, plaintiffs' complaint asks this Court to review state court proceedings and rulings. But the Court cannot evaluate plaintiffs' federal complaint without, in effect, conducting an appellate review of the state court proceedings. The fact that plaintiffs reference § 1983 in their complaint does not alter its fundamental nature. Because the Court does not have subject matter jurisdiction to decide this matter, Commissioner Joseph respectfully requests that his motion to dismiss be granted.

**B. To the Extent That Plaintiffs' Complaint Incorporates Allegations Involving Any Ongoing State Court Proceeding, the *Younger* Doctrine Applies and This Case Should Be Dismissed**

From the allegations made in plaintiffs' complaint, the status of the state court proceedings in which plaintiff was a party is somewhat unclear. If there was a final judgment in that matter, the *Rooker-Feldman* doctrine applies and the case should be dismissed for lack of subject matter jurisdiction. However, even if there is not yet a final judgment in the state court case, this federal action should be dismissed against Commissioner Joseph. To the extent that plaintiffs' complaint references any pending state court action, this Court should dismiss this action pursuant to the abstention doctrine set forth in *Younger v. Harris* (1971) 401 U.S. 37. (See *Quakenbush v. Allstate Insurance Company* (1996) 517 U.S. 706.) In *Younger*, the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." (*H.C. v. Koppel* (9th Cir. 2000) 203 F.3d 610, 613 (citation omitted).) "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." (*Id.* (citation omitted)). Here, plaintiffs' complaint identifies no circumstances that would warrant federal court intervention. Therefore, to the extent that plaintiffs' complaint incorporates allegations involving any ongoing state court proceeding against Commissioner Joseph, the *Younger* doctrine applies and this case must be dismissed. (*Id.*)

7

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's    [FRCP 12 (b)(1) & 12(b)(6)]
*Boustred v. Government and County of Santa Cruz*    Case No. C-08-00546 RMW

### C. Since Plaintiffs' Complaint Alleges No Cognizable Legal Theory Against Commissioner Joseph, It Should Be Dismissed Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

Other than asserting that Commissioner Joseph actively joined in the malicious prosecution of plaintiffs and "unlawfully fined" Plaintiff Boustred in state court, plaintiffs make no other specific allegations against Commissioner Joseph. However, none of these specific allegations state a viable claim for relief in federal court. Thus, it follows that even if all facts alleged in plaintiffs' complaint were true, plaintiffs would not be able to establish any cognizable legal theory against Commissioner Joseph or show that they would be entitled to any legal remedy against Commissioner Joseph. When such is the case, a Rule 12(b)(6) dismissal is proper. (See *Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699.) A Rule 12(b)(6) motion to dismiss should be granted when the facts pleaded in plaintiff's complaint do not give rise to an actionable claim. (See *Lujan v. National Wildlife Federation* (1990) 497 U.S. 871.)

Even if accepted as true, none of the above factual allegations asserted against Commissioner Joseph in plaintiffs' complaint give rise to any actionable claims and thus, any and all claims for relief alleged against Commissioner Joseph in this action should be dismissed pursuant to Rule 12(b)(6).

### D. Commissioner Joseph is Entitled to Judicial Immunity

The Supreme Court long ago established the rule that judges are immune from civil suits arising out of the exercise of their judicial functions. (*Bradley v. Fisher* (1871) 80 U.S. 335.) Like other judicial officers, a commissioner such as Commissioner Joseph is entitled to the full extent of judicial immunity (*Tagliavia v. County of Los Angeles* (1980) 112 Cal. App. 3rd 759, 761.) "It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own conviction, without apprehension of personal consequences to himself." (*Id.,* at 347.)

As stated by the Supreme Court in *Pierson v. Ray* (1967) 386 U.S. 547, 554:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it

8

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's    [FRCP 12 (b)(1) & 12(b)(6)]
*Boustred v. Government and County of Santa Cruz*    Case No. C-08-00546 RMW

adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335 (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." (*Scott v. Stansfield*, L.R. 3 Ex. 220, 223 (1868), quoted in *Bradley v. Fisher, supra*, 349, note, at 350.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

As indicated above, all of the allegations in plaintiffs' complaint that pertain to Commissioner Joseph involve various unspecified crimes and civil rights violations apparently associated with his presiding over Plaintiff Clive Boustred's divorce case in state court. (Complaint, Page 17, lines 6 to 17.) While not indicating any specific defendant, plaintiffs allege that various judges and court commissioners "still insist" on presiding over his divorce case and have refused to allow the case to move forward. (*Id.*) Thus, the alleged conduct of Commissioner Joseph falls squarely under the ambit of judicial immunity. As stated by the Court of Appeal in *Soliz v. Williams* (1999) 74 Cal. App. 4th 577, 592, the true test of whether judicial immunity is applicable is as follows:

> The United States Supreme Court has adopted a two-pronged test for determining whether an act was "judicial" for absolute immunity from a suit for damages purposes: "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson* v. *Ray* [(1967)] *386 U.S.* [547,] 554 ('[I]mmunity applies even when the judge is accused of acting maliciously and corruptly'). See also *Harlow v. Fitzgerald, 457 U.S. 800, 815-819 (1982)* (allegations of malice are insufficient to overcome qualified immunity). [P] Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Forrester v. White* [(1988)] *484 U.S.* [219,] 227-229; *Stump v. Sparkman* [(1978)] *435 U.S.* [349,] 360. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.*, at 356-357; *Bradley v. Fisher* [(1871) 80 U.S.] *13 Wall.* [335,] 351." ( *Mireles v. Waco (1991) 502 U.S. 9, 11-12 [112 S. Ct. 286, 288, 116 L. Ed. 2d 9].*)

Even as alleged in plaintiff's complaint, the only acts Commissioner Joseph is alleged to

9

have taken were performed in his official judicial capacity while presiding over Plaintiff Boustred's divorce proceedings, a case in which Commissioner Joseph was clearly acting in his judicial capacity. (Complaint, Page 17, lines 6 to 17; Page 75, line 9 to Page 95, line 6; Page 98, line 1 to page 110, line 20; Page 115, line 17 to Page 116, line 16; Page 131, line 7 to Page 143, line 14; Page 152, line 1 to Page 164, line 27.) Thus, even if plaintiffs' allegations are assumed to be true, Commissioner Joseph is entitled to judicial immunity and any and all claims for relief against him should be dismissed without leave to amend.

   **E. Federal Court Jurisdiction over the Claims Against the State of California, its Entities, and Employees Acting in Their Official Capacity Is Barred by the Eleventh Amendment**

   In addition to the grounds asserted above, this case should also be dismissed because claims against State of California officials acting in their official capacity are barred by the 11th Amendment.

   The Eleventh Amendment (U.S. Const. Amend. XI) provides:

> "[T]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state . . . ."

The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities or its agencies. (*Durning v. Citibank, N.A.* (9th Cir. 1991) 950 F.2d 1419, 1422-23.)

   Claimed incursions into federal constitutional rights can only be vindicated through the statutory remedy provided in 42 U.S.C. section 1983. (*Monroe v. Pape* (1961) 365 U.S. 167; *Mitchum v. Foster* (1972) 407 U.S. 225.) "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." (*Albright v. Oliver* (1994) 510 U.S. 266 (citations and internal quotations omitted)).

   The United States Supreme Court has held that a state, as well as state entities, are not "persons" within the meaning of section 1983 and, thus, are not subject to suit for damages under section 1983. (*Will v. Michigan Dept. of State Police* (1989) 491 U.S. 58, 70-71; *Gilbreath v. Cutter Biological, Inc.* (9th Cir. 1991) 931 F.2d 1320, 1327.) Cal. Gov't Code § 900.6 defines "State" to include the State and any office, officer, department, division, bureau, board,

10

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's [FRCP 12 (b)(1) & 12(b)(6)]
*Boustred v. Government and County of Santa Cruz* Case No. C-08-00546 RMW

commission or agency of the State claims against which are paid by warrants drawn by the Controller. Eleventh Amendment immunity for state entities also extends to actions against judicial officers who are sued in their official capacities (*Will v. Michigan Dept. of State Police*, 491 U.S. at 71; *Montero v. Travis* (2nd Cir. 1999) 171 F.3d 757, 761.) Determining an individual's capacity "is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." (*Hafer v. Melo* (1991) 502 U.S. 21, 26.) Therefore, the Court must look to the complaint to classify an individual's capacity. (*Ashker v. Cal. Dep't of Corrs.* (9th Cir. 1997) 112 F.3d 392, 395.) Even though plaintiffs allege that Commissioner Joseph is named in both his individual and official capacity (Complaint, page 8, lines 41 to 45.), plaintiffs' complaint never alleges any act or action performed by Commissioner Joseph in his individual capacity. In fact, plaintiffs' complaint only alleges acts Commissioner Joseph is alleged to have taken while performing in his official judicial capacity while presiding over Plaintiff Boustred's divorce proceedings. (Complaint, Page 17, lines 6 to 17; Page 75, line 9 to Page 95, line 6; Page 98, line 1 to page 110, line 20; Page 115, line 17 to Page 116, line 16; Page 131, line 7 to Page 143, line 14; Page 152, line 1 to Page 164, line 27.) Thus, it is clear that plaintiff is suing Commissioner Joseph in his official capacity for alleged actions that occurred while he presided over a state court proceeding, and therefore, this suit is barred by the Eleventh Amendment.

To the extent there exists any state claims in plaintiff's complaint, the Eleventh Amendment also precludes a plaintiff from bringing pendent state-law claims against a state official in federal court. (*Pennhurst State School & Hospital v. Halderman* (1984) 465 U.S. 89, 106, 121) Adhering to the Supreme Court's holding in *Pennhurst*, Ninth Circuit courts have dismissed, on Eleventh Amendment grounds, pendent state-law claims brought against state defendants in federal court. (*Gilbreath v. Cutter Biological, Inc.* (9th Cir. 1991) 931 F.2d 1320, 1327; *Ulaleo v. Paty* (9th Cir. 1990) 902 F.2d 1395, 1400.)

Given the bar of Eleventh Amendment immunity, Commissioner Joseph requests the dismissal of any and all of plaintiffs' claims for relief against him in this action.

///

11

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's   [FRCP 12 (b)(1) & 12(b)(6)]
*Boustred v. Government and County of Santa Cruz*   Case No. C-08-00546 RMW

## IV.

## CONCLUSION

For the aforementioned reasons, Defendant Irwin Joseph respectfully requests this Court grant his motion to dismiss any and all of plaintiffs' claims for relief against him pursuant to Rules 12(b)(1) & 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: July 8, 2008.

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

PAUL T. HAMMERNESS
Supervising Deputy Attorney General


s/s Troy B. Overton
TROY B. OVERTON
Deputy Attorney General

Attorneys for Defendant IRWIN JOSEPH

12

Irwin Joseph's Notice of Motion and Motion to Dismiss with Mem. of P's & A's    [FRCP 12 (b)(1) & 12(b)(6)]
*Boustred v. Government and County of Santa Cruz*    Case No. C-08-00546 RMW

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **BOUSTRED, CLIVE FRANK et al. v. COUNTY OF SANTA CRUZ, et a**

No.: C08-00546-RMW

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 8, 2008, I served the attached **IRWIN JOSEPH'S NOTICE OF MOTION AND MOTION TO DISMISS WITH MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FRCP 12(b)(1) & 12(b)(6)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Clive Frank Boustred
210 Suncrest Drive
Soquel, CA 95073
*Plaintiff in Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 8, 2008, at San Francisco, California.

| Rosalinda F. Asuncion | *[signature]* |
|---|---|
| Declarant | Signature |

40217906.wpd