*E-filed on* 08/14/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLIVE FRANK BOUSTRED, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>GOVERNMENT and COUNTY OF SANTA CRUZ, et al.,<br><br>            Defendants. | No. C-08-00546 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND WITH PREJUDICE; ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS TO REMAINING DEFENDANTS AND WHY PLAINTIFF SHOULD NOT BE BARRED FROM FILING FURTHER RELATED COMPLAINTS |

On January 24, 2008, Plaintiff Clive Frank Boustred ("Boustred"), proceeding *pro se*, filed the above-captioned action on behalf of himself, his minor children RCB and WFB, and seven apparently corporate entities.[1]  Defendant United States of America ("United States") moves to dismiss with prejudice Boustred's claims under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) against the United States of America.  Additionally, the United States seeks *amicus*

---

[1] Boustred, who is not an attorney, lacks the legal capacity to assert claims on behalf of these individuals.

ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE —No. C-08-00546 RMW
RMWLC3

*curiae* status to assert its own interest in the immunity of the judicial and quasi-judicial defendants ("the Federal Defendants"). *See* 28 U.S.C. § 517. For the reasons set forth below, the motion to dismiss will be granted without leave to amend. The Court also issues an order to show cause why the case should not be dismissed as to the remaining defendants and why Boustred should not be barred from filing further related complaints.

# I. DISCUSSION

**A.    Motion to Dismiss**

In Boustred's First Amended Civil Rights Complaint ("Complaint"), Boustred brings a suit involving forty-three claims against sixty-nine defendants, including the United States of America and the Federal Defendants. The Federal Defendants include the Honorable Phyllis J. Hamilton, the Honorable Jeremy Fogel, the Honorable James Ware, the Honorable Mary M. Schroeder, and "clerk Richard W. Wieking (rw), COURT STAFF. The Complaint alleges that the Federal Defendants engaged in fraud, racketeering, kidnaping, treason, misprision of felony, and conspiracy to murder him. The United States seeks to dismiss the complaint as to it and the Federal Defendants.[2]

"[T]he United States as sovereign, is immune from suit save as it consents to be sued." *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980). Congress has not waived sovereign immunity for constitutional tort claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Here, the United States has not waived its sovereign immunity and therefore it is not a proper defendant. Accordingly, Boustred' allegations of constitutional violations by the United States of America will be dismissed.

Next, judges are absolutely immune from civil liability for damages for their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Franceschi v. Schwartz*, 57 F.3d 8828, 830 (9th Cir. 1995). Additionally, federal judges are absolutely immune from claims for declaratory, injunctive, or other equitable relief arising from their judicial acts. *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996). Judicial immunity applies to any action taken by a judge in his judicial capacity. *Id.* at 1243.

---

[2] The United States asserts the United States and the Federal Defendants have not been properly served in the instant case, but request that the case be dismissed with prejudice and without leave to amend.

Here, Boustred sued the Federal Judges due to actions resulting from their official duties. Accordingly, the Federal Judges are entitled to judicial immunity and there can be no subject matter jurisdiction over the claims.

Finally, the court employee sued in the instant case is entitled to quasi-judicial immunity. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1390 (9th Cir. 1987). Boustred sued Defendant Richard W. Wieking, the Clerk of the Court, for acts taken in his official capacity as a court clerk. Under these circumstances, his actions are entitled to quasi-judicial immunity. *See id.* Accordingly, Defendant Richard W. Wieking is entitled to judicial immunity and there can be no subject matter jurisdiction over the claims against him. For these reasons, the court grants the motion to dismiss all of the Federal Defendants.

**B.     Order to Show Cause**

Federal courts have the inherent power to regulate the activities of vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Under the power of 28 U.S.C. §1651(a), courts may restrict litigants with abusive and lengthy histories from filing further actions. *Id.* A court may restrict such litigants' future filing of actions or papers provided that it (1) gives the litigant an opportunity to oppose the order before it is entered; (2) creates an adequate record for review; (3) makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) drafts a sufficiently tailored order. *Id.* at 1145–48.

Here, it appears from the Complaint that Boustred's claims are repetitive, frivolous and without merit. Since 2005, Boustred has filed a series of actions in this court alleging a conspiracy against him by a litany of government officials. Other than possibly a subjective, unreasonable belief that a conspiracy exists, Boustred states no facts from which it could be reasonably inferred that any individuals conspired to deprive him of his constitutional rights. When Boustred's claims are dismissed, he does not appeal, but simply files another case and adds the dismissing court as a defendant and additional conspirator. In his opposition to the motion to dismiss the Federal Defendants, Boustred states the following:

> In regard to these ridiculous attempts to have this case dismissed on absurd technicalities–get a clue–You attempt to murder someone, kidnap their children, wipe out their companies and career, then that person is going to keep coming back until they get justice–attempts to dismiss this case only rack up more damages & more claims.

Opp. at 1:11-14. Thus it is clear that Boustred intends to keep filing actions in this court should this action be dismissed. Accordingly, Boustred must appear before this court on September 12, 2008 at 9:00 A.M. to respond to the following order to show cause. Additionally, Boustred must file a written response no later than August 27, 2008 addressing the following questions:

    1.    Why the complaint should not be dismissed for failure to state a claim; and

    2.    Why Boustred should not be declared a vexatious litigant and barred from filing further actions in this court with respect to these defendants and with respect to these or substantially similar claims without pre-filing review.

## II. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the claims against the United States of America and all of the named Federal Defendants are DISMISSED with prejudice and without leave to amend. Boustred must file a written response no later that August 27, 2008 addressing why the complaint should not be dismissed as to the remaining defendants for failure to state a claim and why he should not be barred from filing further related complaints. Boustred must appear before the Court on September 12, 2008 at 9:00 a.m. and show cause why this case should not be dismissed with prejudice in its entirety and why Boustred should not be barred from filing further related complaints.

time sensitive

DATED:    August 14, 2008

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE —No. C-08-00546 RMW
RMWLC3    4

<div style="position: sidebar">**United States District Court**
For the Northern District of California</div>

| | |
|---|---|
| 1 | |
| 2 | **A copy of this order was mailed on      08/14/08           to:** |
| 3 | **Counsel for Plaintiff(s):** |
| 4 | Clive Frank Boustred<br>210 Sun crest Drive<br>Soquel, CA 95073 |
| 5 | |
| 6 | **Counsel for Defendant(s):** |
| 7 | Troy Overton            troy.overton@doj.ca.gov |
| 8 | Counsel are responsible for distributing copies of this order to co-counsel, as necessary. |

(Lines 9–28 blank)

ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE —No. C-08-00546 RMW
RMWLC3                                                5