*E-filed on* 09/17/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLIVE FRANK BOUSTRED, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOVERNMENT and COUNTY OF SANTA CRUZ, et al.,<br><br>　　　　Defendants. | No. C-08-00546 RMW<br><br>ORDER DISMISSING ACTION AND BARRING FURTHER SIMILAR COMPLAINTS |

On January 24, 2008, plaintiff Clive Frank Boustred, proceeding *pro se*, filed the above-captioned action on behalf of himself, his minor children RCB and WFB, and seven apparently corporate entities.[1] On August 14, 2008 the court granted defendant United States of America's motion to dismiss and issued an order to show cause why the case should not be dismissed as to the remaining defendants and why Boustred should not be barred from filing further related complaints. The matter came before the court for hearing on September 12, 2008. Plaintiff filed no opposition and did not appear.

---

[1] Boustred, who is not an attorney, lacks capacity to pursue claims on behalf of minors without court authorization or to pursue claims on behalf of corporate or other business associations.

1    The action is dismissed in its entirety. The complaint is repetitive, frivolous and without
2 merit.

3    The plaintiff must obtain leave of the court prior to filing any further suits against the
4 defendants or other parties allegedly involved in any conduct related to that described in plaintiff's
5 complaint. District courts have the inherent power to file restrictive pre-filing orders against
6 vexatious litigants with abusive and lengthy histories of litigation. *Weissman v. Quail Lodge, Inc.*,
7 179 F.3d 1194, 1197 (9th Cir. 1999); *see also, O'Loughlin v. Doe,* 920 F.2d 614, 616 (9th Cir. 1990)
8 (requiring *pro se* inmate deemed vexatious litigant to show good cause before being permitted to file
9 future actions); *Moy v. United States,* 906 F.2d 467, 469 (9th Cir. 1990) (forbidding *pro se* plaintiff
10 from filing further complaints without prior approval of district court). However, such pre-filing
11 orders are an extreme remedy and should rarely be filed. *De Long v. Hennessey,* 912 F.2d 1144,
12 1147 (9th Cir. 1990).

13    The Ninth Circuit has held that before a plaintiff can be enjoined as a vexatious litigant, the
14 court must find that (1) the plaintiff had notice of the motion and an opportunity to be heard; (2)
15 there was an adequate record for review showing that the litigant's activities were numerous or
16 abusive; (3) the court has made substantive findings as to the frivolous or harassing nature of the
17 litigant's actions; and (4) the order has an appropriate breadth and is narrowly tailored to fit the
18 specific vice encountered. *Id*. at 1147-48. The court held in *Molski v Mandarin Touch Restaurant*,
19 500 F.3d 1047 (9th Cir. 2007), that the five factors set forth in *Safir v. United States Lines, Inc*., 792
20 F.2d 19, 24 (2d. Cir. 1986), provide a helpful framework for determining the two substantive factors
21 (factors three and four) of the Ninth Circuit test. The five *Safir* factors are (1) the litigant's history of
22 litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the
23 litigant's motive in pursuing the litigation; (3) whether the litigant is represented by counsel; (4)
24 whether litigant has caused needless expense to other parties or has posed an unnecessary burden on
25 the courts and their personnel; (5) whether other sanctions would be adequate to protect the courts
26 and other parties.

27 / / /

28 / / /

ORDER DISMISSING ACTION AND BARRING FURTHER RELATED COMPLAINTS
No. C-08-00546 RMW
RMWLC3                                        2

### 1. The Plaintiff Has Had Notice and an Opportunity to be Heard

The plaintiff has had adequate notice and an opportunity to be heard. He was served with the current Order to Show Cause and would have had an opportunity to be heard if he had appeared. He had an opportunity to be heard when he did appear on August 14, 2008 to oppose the motion to dismiss filed by the United States, although his opportunity was curtailed when he insisted on addressing irrelevant matter.

### 2. There Is An Adequate Record For Review Detailing the Harassing Nature of Plaintiffs' Litigations

The record for review includes this order and the orders dismissing the previous actions filed by the plaintiff: Cases No. C-05-00996 JF and C-07-00391 JW. The records of the three actions show that plaintiff has now brought three actions containing similar rambling, largely incomprehensible claims against a multitude of defendants with the County of Santa Cruz being the first named defendant in each of the actions.

### 3. Applying the *Safir* Factors Shows the Frivolous and Harassing Nature of the Litigants' Actions

As set forth above, the Ninth Circuit held in *Molski* that the five *Safir* factors are helpful in determining assessing the third and fourth prongs of the Ninth Circuit vexatious litigant test, i.e. whether the court had made substantial findings of frivolousness and whether the vexatious litigant order was narrowly tailored to the specific vice encountered. *Molski*, 500 F.3d at 1047.

#### a. The Plaintiffs' History of Litigation

Each action filed by the plaintiffs has named numerous defendants including ones having no connection with the conduct about which plaintiff appears to complain. Each action alleges similar "civil rights" conspiracies. The court finds that the lawsuits are both vexatious and harassing.

#### b. The Litigants' Motive in Pursuing the Litigation

The plaintiff continues to assert baseless claims and tells a disconnected, disoriented story of a person who has experienced a series of challenges in his personal life and is convinced that the government is to blame, at least in large part, for his misfortunes.

#### c. Whether Litigant is Represented by Counsel

The plaintiff's suits are always brought in *propria persona*. Courts are generally protective of *pro se* litigants. *Molski,* 347 F. Supp 2d at 866. However, flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *See De Long*, 912 F.2d at 1148.

### d. Whether Litigant has Caused Unnecessary Expense to the Parties or Placed a Needless Burden on the Courts

Plaintiff has forced parties to appear and respond to incomprehensible claims. He appears to have no intent of stopping his harassing lawsuits. In his opposition to the motion to dismiss the Federal defendants in the current case, Boustred states the following:

> In regard to these ridiculous attempts to have this case dismissed on absurd technicalities–get a clue–You attempt to murder someone, kidnap their children, wipe out their companies and career, then that person is going to keep coming back until they get justice–attempts to dismiss this case only rack up more damages & more claims.

Opp. at 1:11-14.

### e. Whether Other Sanctions Would be Adequate to Protect the Courts and Other Parties

In light of the nature of plaintiff's complaints, his attitude toward the court and his expressed intent to continue to come back, it is the court's view that other sanctions would not be adequate to protect the courts and other parties from further frivolous lawsuits being brought by plaintiff.

### 4. The Order is Narrowly Tailored to the Specific Vice Encountered

As is shown by his litigation history, plaintiff has a history of filing "civil rights" type claims and conspiracy claims against public agencies and individuals apparently arising out of various events in his life. Any potential order needs to be narrowly tailored to fit the specific vice encountered. *DeLong*, 912 F.2d at 1148.

The court holds that the proper order is to require plaintiffs to obtain leave of court to file any "civil rights" claims or conspiracy claims involving parties that he has previously named.

## II. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that:

1. The claims against all the defendants named in the current action are DISMISSED with prejudice and without leave to amend;

1    2. Boustred must obtain leave of court before filing any further suits alleging any "civil
2 rights" claims or conspiracy claims involving parties that he named in this current case or case
3 numbers C-05-00996 JF or C-07-00391 JW previously filed in this court.  The Clerk of this Court
4 shall not accept for filing any further complaints filed by plaintiff alleging any "civil rights" claims
5 or conspiracy claims involving parties that he named in this current case or case numbers C-05-
6 00996 JF or C-07-00391 JW until that complaint has first been reviewed by a judge of this court and
7 approved for filing.  The pre-filing review will be made by the general duty judge who will
8 determine whether plaintiff has stated a potentially cognizable claim in a short, intelligible and plain
9 statement.

11   DATED:      09/15/08                          *signature*
                                                 RONALD M. WHYTE
12                                               United States District Judge

ORDER DISMISSING ACTION AND BARRING FURTHER RELATED COMPLAINTS
No. C-08-00546 RMW
RMWLC3                                           5

**A copy of this order was mailed on**     09/17/08     **to:**

**Counsel for Plaintiff(s):**

Clive Frank Boustred
210 Sun crest Drive
Soquel, CA 95073

**Counsel for Defendant(s):**

Troy Overton            troy.overton@doj.ca.gov

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.